THOMAS DAILY, ADMINISTRATOR, vs. LAWRENCE
D. SPANN.

Third Judicial District, Bridgeport, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 31st—decided November 25th, 1929.

*George E. Beers* and *William L. Beers,* with whom, on the brief, was *William C. Rungee,* for the appellant (defendant).

*John A. Walsh,* with whom, on the brief, was *Maurice J. Buckley,* for the appellee (plaintiff).

PER CURIAM. The appeal is based upon three alleged erroneous rulings upon evidence and upon claimed errors in the charge of the court. Two witnesses produced by the plaintiff testified as to the speed of defendant's car. Upon cross-examination one was asked if the traffic upon the highway in that locality was not uniformly at a pretty high rate of speed, and the other was asked what was the average rate of speed along there. Both questions were properly excluded since it did not appear that either witness had ever seen cars traveling on that road before the night in question, and the finding shows that the defendant offered evidence to prove that there was no other traffic on the road at the time of the accident. A witness produced by the defendant testified that he visited the scene of the accident on the day after the accident, and that certain marks were pointed out to him which were claimed by the plaintiff to be the wheel marks of defendant's car, and was asked on his direct examination whether these marks were the marks of defendant's car and how their size compared with the size of marks made by it. Both questions were excluded. The witness was not asked whether he had any knowledge of what kind of marks the wheels of defendant's car would make. For this reason each of

these rulings was clearly right. None of the rulings excepted to were of sufficient importance to constitute reversible error.

The particular portions of the charge upon which error is predicated were unexceptionable, nor does the charge as a whole justify the defendant's claim that the jury may have been confused by a too elaborate and theoretical discussion of the case.

There is no error.