STATE OF CONNECTICUT *v.* JAMES D. LEROY
(11187)

LAVERY, LANDAU and FREEDMAN, Js.

Argued September 14—decision released December 14, 1993

*Temmy Ann Pieszak,* assistant public defender, for the appellant (defendant).

*Jack W. Fischer,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* chief state's attorney, and *Leah Hawley* and *Keith Duboff,* assistant state's attorneys, for the appellee (state).

LANDAU, J. The defendant appeals from his conviction, rendered after a jury trial, of assault in the second degree with a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 53a-60d.[1] The defendant claims that the trial court improperly (1) instructed the jury as to proximate cause, (2) denied a motion to strike expert testimony on the ground of lack of an evidentiary foundation, and (3) instructed the jury as to reasonable doubt thereby diluting the state's burden of proof. We agree with the defendant's first claim and reverse the judgment of

[1] General Statutes § 53a-60d (a) provides: "A person is guilty of assault in the second degree with a motor vehicle when, while operating a motor vehicle under the influence of intoxicating liquor or any drug or both, he causes serious physical injury to another person as a consequence of the effect of such liquor or drug."

the trial court. Because this is dispositive of the appeal, we need not address the remaining claims.

The jury could have reasonably found the following facts. On September 29, 1984, at approximately 3 a.m., the defendant, James Leroy, was involved in a two vehicle collision with Leslie Daniel in Enfield. The defendant's car was traveling east and Daniel's car was heading west on Shaker Road when the two cars collided. The area where the impact occurred was rural, dark and badly lit, with curves and hills. Ralph Adamczyk was the only eyewitness to the accident. He was traveling behind Daniel's car and observed both headlights of the defendant's oncoming car as it came around a corner. As the defendant's car approached, the driver's side headlight disappeared twice from Adamczyk's view. Both cars swerved to avoid a collision. Adamczyk spoke with and observed the defendant after the collision and did not consider him to be intoxicated. At the accident scene, police officers noted the smell of alcohol on the defendant, and the defendant had difficulty maintaining his balance and exhibited slurred speech. The defendant was unable to perform two field sobriety tests satisfactorily. The defendant's breath test yielded a blood alcohol reading of 0.215 of 1 percent, revealing that he had consumed between ten to thirteen beers.

As a result of the accident, Daniel suffered serious injuries. She was unconscious from the time of the accident until October 19, 1984, and remained hospitalized until late November, 1984. Upon release from the hospital, Daniel's speech and memory were impaired, she could not walk or use her left arm, and her vision was limited. She received more than seven months of physical, occupational and educational rehabilitation therapy. Daniel's speech is no longer impaired and she

has relearned to read and write, but has not regained all of her memory. Daniel cannot walk or use her left arm or hand, and has impaired vision.

We first turn to the defendant's claim that the trial court improperly instructed the jury as to proximate cause. The defendant concedes that this claim is unpreserved. He seeks review of this claim under *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). In *Golding,* the Supreme Court held that a defendant can prevail on an unpreserved claim of error if all of the following conditions are met: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id., 239–40.

We find the defendant's claim reviewable. In examining the first criterion of *Golding,* we note that it was designed to avoid remands for the purpose of supplementing the record. *State* v. *Stanley,* 223 Conn. 674, 613 A.2d 788 (1992). " 'If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim.' " *State* v. *O'Brien,* 29 Conn. App. 724, 732, 618 A.2d 50 (1992), cert. denied, 225 Conn. 902, 421 A.2d 285 (1993), quoting *State* v. *Golding,* supra, 240. Our review of the record indicates that the facts are sufficiently clear and unambiguous for this court to determine whether a constitutional violation has occurred.

The second prong of *Golding* is also satisfied. "An accused has a fundamental right, protected by the due process clauses of the federal and Connecticut constitutions, to be acquitted unless proven guilty of each element of the charged offense beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Williams*, 202 Conn. 349, 363, 521 A.2d 150 (1987). Improper jury instructions on an essential element of the crime charged, in this case proximate cause, implicates a fundamental constitutional right. See *State* v. *Wilkinson*, 176 Conn. 451, 460, 408 A.2d 232 (1979); *State* v. *Kwaak*, 21 Conn. App. 138, 572 A.2d 1015, cert. denied, 215 Conn. 811, 576 A.2d 540 (1990).

Next, we must consider whether the defendant met his burden as to the third requirement of *Golding*. We must inquire whether the alleged constitutional violation clearly exists and, if so, whether it clearly has deprived the defendant of a fair trial.[2]

The defendant claims that the jury instructions were inaccurate as to whether the defendant's conduct was the proximate cause of the victim's injuries.[3] Specifically, he argues that the trial court instructed the jury

---

[2] Whereas the first two conditions of *Golding* are determinations of whether a defendant's claim will be reviewed, the third prong constitutes a review of the merits. See *Wilson* v. *Cohen*, 222 Conn. 591, 603, 610 A.2d 1177 (1992) ("[h]aving surmounted the threshold requirements for review . . . the plaintiff is entitled to a determination of the merits of his claim under the third criterion").

[3] In the portion of the charge to the jury relating to proximate causation the trial court stated as follows: "Now, as I previously instructed, the state must establish beyond a reasonable doubt that the alleged intoxication of the defendant caused the serious injury of another person. Therefore, if you find intoxication but also find that it was not *a substantial factor* in causing the alleged injuries of the victim, then the intoxication was a condition surrounding the injury, not a cause of it, and you must return a finding of not guilty.

"For the defendant to be found guilty, the state must establish beyond a reasonable doubt a cause or a relation between the accident caused by the defendant being intoxicated, and the injury it claims resulted from it.

that if the defendant's conduct was "a substantial factor" in bringing about the victim's injuries, his conduct was the proximate cause of those injuries. The defendant maintains that his actions would be the proximate cause of the victim's injuries only if a jury found that his conduct was "the predominating cause or the substantial factor" in producing the victim's injuries.

The state relies on *State* v. *Jacobs*, 194 Conn. 119, 125, 479 A.2d 226 (1984), cert. denied, 469 U.S. 1190, 105 S. Ct. 963, 83 L. Ed. 2d 968 (1985), and *State* v. *Tomassi*, 137 Conn. 113, 118, 75 A.2d 67 (1950), for the proposition that because the defendant's intoxication contributed to the injuries, liability arises. The issue before the *Jacobs* and *Tomassi* courts was not causation and the effect of concurrent events. Rather, both

This causal connection must rest upon more than surmise, speculation or conjecture. You, as triers of the facts, are not to be concerned with possibilities but only with reasonable probabilities.

"In consideration of the causes of this accident and the result, you should keep in mind that all collisions that occur on the highways are not necessarily caused by the fault of some person. Accidents may happen when neither party is at fault. An accident which could not be prevented by the exercise of reasonable care and prudence is called an unavoidable accident, and if you believe from the evidence that this occurrence was of such a character, the defendant is entitled to a verdict of not guilty.

"As I have said, the state must prove that the defendant's intoxication proximately caused serious physical injury to Leslie Daniel. Proximately caused is a direct cause. It's an act or a failure to act, followed in its natural consequence by a result, without the intervention of any other superseding cause. Whether the sequence of events is unbroken by any intervening cause, an act or a failure to act is a proximate cause of the result. Proximate cause, thus, is an act or a failure to act which is *a substantial factor* in producing the result.

"Now, the intoxication of the defendant need not be the sole proximate cause of the injuries. All that is required is that the intoxication of the defendant, if you find that he was intoxicated, be *a substantial factor* in bringing about the injuries to Leslie Daniel. Now, if you find that the defendant's intoxication—if you find intoxication, but if you find that such intoxication . . . was *a substantial factor,* then the state has met its burden in this element." (Emphasis added.)

courts spoke to the effect of negligent medical care as to the issue of causation. Thus, the case at bar is distinguished from those cases.

Our review of the charge in its entirety indicates that the trial court's instructions were not a correct statement of the law on the issue of proximate causation. "While the instructions need not be exhaustive, perfect or technically accurate, they must be correct in law, adapted to the issues and sufficient for the guidance of the jury." *State* v. *Channer,* 28 Conn. App. 161, 172, 612 A.2d 95, cert. denied, 223 Conn. 921, 614 A.2d 826 (1992). " 'Proximate cause' in the criminal law does not necessarily mean the last act of cause, or the act in point of time nearest to [the result]. The concept of proximate cause incorporates the notion that an accused may be charged with a criminal offense even though his acts were not the immediate cause of [the result]. *An act or omission to act is the proximate cause . . . when it substantially and materially contributes, in a natural and continuous sequence, unbroken by an efficient, intervening cause, to the [result]. It is the cause without which the [result] would not have occurred and the predominating cause, the substantial factor, from which [the result] follows as a natural, direct and immediate consequence.*" (Emphasis added.) *State* v. *Spates,* 176 Conn. 227, 233–34, 405 A.2d 656 (1978), cert. denied, 440 U.S. 922, 99 S. Ct. 1248, 59 L. Ed. 2d 475 (1979); *State* v. *Kwaak,* 21 Conn. App. 138, 145–46, 572 A.2d 1015, cert. denied, 215 Conn. 811, 576 A.2d 540 (1990).[4] The charge did not inform the jury that the element of proximate cause is established if the defendant's

---

[4] In its argument and brief, the state misstates the *Spates* definition of proximate cause. It omits "the predominating cause, or the substantial factor" language. That dereliction significantly changes the reasoning of *Spates* as to the import of proximate cause. To determine the proximate cause of injury or death for conviction, in cases involving cumulative causes, a fact finder is required to find "the predominating cause, or the substantial factor." *State* v. *Spates,* 176 Conn. 227, 234, 405 A.2d 656 (1978).

actions were "the predominating cause, or the substantial factor" of the injuries sustained by the victim. Instead, the trial court repeatedly used the phrase "a substantial factor," language that the jury could reasonably interpret as permitting a guilty verdict simply if the defendant's conduct was one of the many factors that caused the injuries. Connecticut law requires for a conviction, however, that a jury find beyond a reasonable doubt, that the defendant's conduct was "the predominating cause, or the substantial factor" of the injuries, not one of many factors. See *State* v. *Spates,* supra, 234. It is not crucial for jury instructions to include the exact language offered in *Spates,* but words that communicate the meaning presented in *Spates* are crucial. Here, the instructions did not include supplemental language correcting the possibility of misinterpretation presented by the "a substantial factor" language.

"[T]he failure to instruct the jury adequately on each essential element of the crime charged may have resulted in a violation of the defendant's due process rights implicating the fairness of his trial . . . ." (Internal quotation marks omitted.) *State* v. *Allen,* 216 Conn. 367, 383, 579 A.2d 1066 (1990). "It is, of course, constitutionally axiomatic that the jury be instructed on the essential elements of a crime charged." *State* v. *Williamson,* 206 Conn. 685, 708, 539 A.2d 561 (1988). The trial court gave instructions that were not correct in law on the issue of causation, thus, we conclude that the alleged constitutional violation clearly exists.

This does not end our inquiry. We must inquire as to whether the constitutional violation clearly deprived the defendant of a fair trial. *State* v. *Golding,* supra. "In reviewing a constitutionally based challenge to the court's instructions to the jury, we must examine the charge as a whole to determine whether it is reasonably possible that the jury was misled by the challenged

instruction. *State* v. *Snook,* 210 Conn. 244, 275–76, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989); *State* v. *Bailey,* 209 Conn. 332, 338, 551 A.2d 1206 (1988)." *State* v. *Ober,* 24 Conn. App. 347, 358, 588 A.2d 1080, cert. denied, 219 Conn. 909, 593 A.2d 134, cert. denied,    U.S.    , 112 S. Ct. 319, 116 L. Ed. 2d 26 (1991). "The charge is not to be judged in artificial isolation from the overall charge. *State* v. *Kelly,* 23 Conn. App. 160, 164, 580 A.2d 520 (1990), cert. denied, 216 Conn. 831, 583 A.2d 130, cert. denied, 449 U.S. 981, 111 S. Ct. 1635, 113 L. Ed. 2d 731 (1991)." *State* v. *Falcon,* 26 Conn. App. 259, 269, 600 A.2d 1364 (1991), cert. denied, 221 Conn. 911, 602 A.2d 10 (1992). An error in the charge requires reversal only if, in the context of the whole instruction, there is a reasonable possibility that the jury was misled in reaching its verdict. *State* v. *Bailey,* 209 Conn. 322, 338, 551 A.2d 1206 (1988).

*Spates* requires that an accused's conduct be *the* predominating cause or *the* substantial factor of the resulting injuries and that this element be proven beyond a reasonable doubt. *State* v. *Spates,* supra, 234. As we stated, it is possible that an accused's conduct may be *a* substantial factor in resulting injuries, but not the predominating cause or *the* substantial factor. A jury, faced with these instructions, could reasonably convict without finding that the actions were the predominating cause or the substantial factor. Because the trial court's instructions to the jury did not provide a substantively accurate statement of the law on the essential element of causation, an issue strongly contested at trial, it is reasonably possible that the jury was misled in rendering the verdict. The trial court's failure to give an accurate statement of the law as to proximate cause in its charge, a clear constitutional violation, misled the jury and deprived the defendant of a fair trial. *State* v. *Golding,* supra.

The fourth criterion of *Golding* requires a two-step inquiry. First, we must determine if the alleged constitutional violation is subject to harmless error analysis. If the claimed error is subject to harmless error analysis, we then determine if the state has met its burden of proving that the error was harmless. Id.

Certain constitutional violations are subject to harmless error analysis[5] and do not require automatic reversal. *State* v. *Cohane,* 193 Conn. 474, 484–85, 479 A.2d 763, cert. denied, 469 U.S. 990, 105 S. Ct. 397, 83 L. Ed. 2d 331 (1984). Jury instructions containing misstatements of law as to an essential element of the offense charged are properly subject to harmless error analysis. See *State* v. *Crafts,* 226 Conn. 237, 627 A.2d 877 (1993) (error in instruction as to essential element of crime subject to harmless error analysis); *State* v. *Rouleau,* 204 Conn. 240, 528 A.2d 343 (1987) (jury instruction containing misstatement of law on burden of proving defense of duress constituted harmful error); *State* v. *Torrence,* 196 Conn. 430, 437, 493 A.2d 865 (1985) (harmless error analysis applied to misstatement of essential element of crime in jury charge); see also *Pope* v. *Illinois,* 481 U.S. 497, 107 S. Ct. 1918, 95 L. Ed. 2d 439 (1987) (harmless error inquiry applicable to jury instruction misstating element of offense); *Rose* v. *Clark,* 478 U.S. 570, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986) (incorrect instruction on element of malice, harmless error inquiry appropriate). "In such circumstances we require the state to prove the error harmless beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Cohane,* supra, 485. "An erroneous instruction, even of constitutional dimension, is harmless if, viewed in the context of the charge as a whole, there is no rea-

[5] *Chapman* v. *California,* 386 U.S. 18, 23–24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967).

sonable possibility that the jury was misled." (Internal quotation marks omitted.) *State* v. *Kwaak,* supra, 160–61. We have already determined that a jury instruction that does not impart an accurate statement of the law as to proximate cause has the reasonable possibility of misleading a jury in rendering a verdict. The state has failed to prove beyond a reasonable doubt that the erroneous charge was not misleading and thus harmless. We therefore conclude that the court's instruction on proximate cause was constitutionally flawed and misled the jury.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.