STATE OF CONNECTICUT *v.* JAMES LEROY
(11187)

LAVERY, LANDAU and FREEDMAN, Js.

Submitted March 24—decision released June 27, 1995

*Temmy Ann Pieszak,* assistant public defender, for the appellant (defendant).

*Jack W. Fischer,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* chief state's attorney, and *Leah Hawley* and *Keith Duboff,* assistant state's attorneys, for the appellee (state).

LANDAU, J. This matter is before us on remand from our Supreme Court. *State* v. *Leroy,* 232 Conn. 1, 653 A.2d 156 (1995). The defendant appealed from the judgment of conviction, rendered after a jury verdict, of assault in the second degree with a motor vehicle while intoxicated in violation of General Statutes (Rev. to 1983) § 53a-60d (a).[1] He claimed that the trial court improperly (1) instructed the jury as to proximate cause, (2) denied a motion to strike expert testimony

---

[1] In its opinion reversing this court's original decision, the Supreme Court stated that the defendant was charged under General Statutes (Rev. to 1985) § 53a-60d. The offense having occurred on September 29, 1984, the statute in effect was General Statutes (Rev. to 1983) § 53a-60d. General Statutes (Rev. to 1983) § 53a-60d (a) provides: "A person is guilty of assault in the second degree with a motor vehicle while intoxicated when, in consequence of his intoxication while operating a motor vehicle, he causes serious physical injury to another person. For the purposes of this section, 'intoxication' shall include intoxication by alcohol or by drug or both."

on the ground of lack of an evidentiary foundation and (3) instructed the jury as to reasonable doubt thereby diluting the state's burden of proof. When this matter was first before us, we agreed with the defendant's first claim and, accordingly, reversed the judgment of the trial court and ordered a new trial. *State* v. *Leroy*, 33 Conn. App. 232, 242, 635 A.2d 305 (1993), rev'd, 232 Conn. 1, 653 A.2d 161 (1994). Upon certification, our Supreme Court reversed our decision and remanded the case to this court for consideration of the defendant's remaining claims. *State* v. *Leroy*, supra, 232 Conn. 17.

A summary of the facts that the jury could have reasonably found is as follows. On September 29, 1984, at approximately 3 a.m., the defendant was involved in a two vehicle collision with Leslie Daniel in Enfield. Ralph Adamczyk was the only eyewitness to the accident. He was traveling behind Daniel's car and observed both headlights of the defendant's oncoming car as it came around a corner. As the defendant's car approached, the driver's side headlight disappeared twice from Adamczyk's view. Both cars swerved to avoid a collision. At the accident scene, police officers noted the smell of alcohol on the defendant, who had difficulty maintaining his balance and exhibited slurred speech. The defendant was unable to perform two field sobriety tests satisfactorily and his subsequent breathalyzer test yielded a blood alcohol reading of 0.215. Daniel was seriously injured as a result of the accident.

I

The defendant first claims that the trial court improperly denied his motion to strike expert testimony on the ground of lack of an evidentiary foundation. He

argues that the court permitted the state to offer an expert opinion based on a fact not in evidence.

The following additional facts are pertinent to this claim. The state presented the expert testimony of Joel Milzoff, chief of toxicology for the state department of health. The state asked Milzoff to give his opinion of the number of alcoholic beverages that an individual weighing 170 pounds would have had to consume to arrive at a blood alcohol reading of 0.215. The defendant objected to this question on the ground that evidence of his body weight had not been presented. The trial court permitted the question subject to the state's connecting it to the defendant's weight.

Milzoff then testified that an individual having a blood alcohol concentration of 0.215 and weighing 170 pounds would have had to consume a minimum of the equivalent of ten and one-half twelve ounce beers. When asked to assume that the same individual ate a certain meal at about 5 p.m., drank during the course of the evening until approximately 1 a.m. and took the breath test at 4:07 a.m., Milzoff stated that the individual would have had to consume at least thirteen and one-half twelve ounce beers.

Later in its case, the state presented Officer Patrick Droney of the Enfield police department, who had processed the defendant following his arrest.[2] Droney testified that he believed that the defendant had told him that he weighed 170 pounds. Droney identified an alcohol influence report as the one that he had filled out in reference to the defendant on the night of the defendant's arrest. The report, which was marked for identification only, indicated that the defendant's weight was 170 pounds. Droney stated that he recorded

---

[2] After being transported to the police station, the defendant was escorted into a processing room. A videotape recorded the processing from the time the defendant walked into the room until he took the breathalyzer test.

the background information, including the defendant's weight, before the defendant took the breathalyzer test.

During cross-examination, after viewing the videotape taken during the processing of the defendant, Droney admitted that the defendant did not state his weight on the tape. Droney stated that his earlier testimony that he had recorded the defendant's weight prior to the breathalyzer test had been his best recollection. After viewing the tape, Droney testified that he could not specifically recall the defendant's stating his weight and that he could have recorded that information after the breathalyzer test. Droney insisted, however, that if the defendant's weight was included in his report, which it was, he wrote it there.

On redirect examination, the state asked Droney if he could have learned the defendant's weight from his driver's license. While Droney recalled having seen the license, he could not recall if the license stated the defendant's weight. Finally, the state asked Droney, "You didn't make [his weight] up, though, did you?" Droney responded that he had not. At the close of the state's evidence, the defendant moved to strike that portion of Milzoff's testimony predicated on a body weight of 170 pounds on the ground that the state had not placed the defendant's weight into evidence. The trial court denied the defendant's motion.[3]

"The facts assumed in a hypothetical question must have their basis in the evidence on the record. See *Engelke* v. *Wheatley*, 148 Conn. 398, 410–11, 171 A.2d

---

[3] In its ruling, the trial court stated: "My recollection of the testimony of the officer is that he did specifically indicate that he obtained certain factual information, and that factual information was obtained from the defendant, and that one of those facts that he obtained was his weight, height and then other factors which were indicated on the alcohol influence report, to which he testified after refreshing his recollection."

402 (1961); see generally McCormick, Evidence (2d Ed. 1972) § 14. Whether a proper foundation has been laid to support a hypothetical question is an issue of fact for the trial court. *Spoto* v. *Hayward Mfg. Co.*, 2 Conn. App. 663, 670, 482 A.2d 91 (1984). . . . ' "[W]here the admissibility of evidence depends upon a preliminary question of fact, to be determined by the court, its decision is not to be reversed unless there is clear and manifest error." *Engelke* v. *Wheatley*, [supra, 411].' *Spoto* v. *Hayward Mfg. Co.*, supra [670]." (Citations omitted.) *Sochard* v. *St. Vincent's Medical Center*, 8 Conn. App. 6, 9–10, 510 A.2d 1367 (1986).

The issue, then, is whether the trial court properly determined that the defendant's body weight was a fact in evidence. Droney testified on direct examination that he believed that the defendant told him that his weight was 170 pounds. "[I]t is fundamental that a witness must base his evidence on personal knowledge. *Gray* v. *Mossman*, 91 Conn. 430, 437–38, 99 A. 1062 (1917); *Daily* v. *Spann*, 110 Conn. 312, 313, 147 A. 807 (1929); 2 Wigmore, Evidence (3d Ed.) 657." *State* v. *De Santis*, 178 Conn. 534, 543, 423 A.2d 149 (1979). Droney's testimony was based on a statement made to him by the defendant. Thus, Droney's testimony on direct examination effectively put the defendant's body weight into evidence. The fact that cross-examination may have cast some doubt on the accuracy of Droney's recollection or on his credibility goes to the weight to be accorded his testimony by the jury, rather than its admissibility. See *State* v. *Sauris*, 227 Conn. 389, 406–407, 631 A.2d 238 (1993); *State* v. *Butler*, 36 Conn. App. 525, 536, 651 A.2d 1306 (1995). The hypothetical question posed to Milzoff, then, was based on facts in evidence. For this reason, we conclude that the trial court was correct in denying the defendant's motion to strike Milzoff's testimony.

## II

The defendant also claims that the trial court's instructions on reasonable doubt deprived him of a fair trial by diluting the state's burden of proof. He argues that the court improperly instructed the jury that "if all the evidence has been impartially and thoroughly reviewed by you and it produces in your mind a settled and an abiding belief that you would be willing to act upon it in matters of the highest importance relating to your own affairs, then in that event it would be free from a reasonable doubt and you should declare the defendant to be guilty." Within this sentence, the defendant specifically challenges the court's language as to "a settled and abiding belief" and the jurors' willingness to act.

The defendant concedes that he did not properly preserve this claim, but seeks review pursuant to *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[4] Because this court rejected a similar claim in *State* v. *Ober*, 24 Conn. App. 347, 358–59, 588 A.2d 1080, cert. denied, 219 Conn. 909, 593 A.2d 134, cert. denied, 502 U.S. 915, 112 S. Ct. 319, 116 L. Ed. 2d 26 (1991),[5] how-

---

[4] Under *State* v. *Golding*, supra, 213 Conn. 239–40, the defendant can prevail on an unpreserved claim of constitutional error "only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances."

[5] In *State* v. *Ober*, supra, 24 Conn. App. 358, the defendant claimed that the court improperly instructed the jury that " 'if all of the evidence has

ever, we conclude that the defendant has failed to show that the alleged constitutional violation clearly exists and clearly deprived him of a fair trial.

In *Ober*, we stated that "[i]n reviewing a constitutionally based challenge to the court's instructions to the jury, we must examine the charge as a whole to determine whether it is reasonably possible that the jury was misled by the challenged instruction. *State* v. *Snook*, 210 Conn. 244, 275–76, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989); *State* v. *Bailey*, 209 Conn. 322, 338, 551 A.2d 1206 (1988). The defendant in this case objects only to one sentence in the trial court's instructions on reasonable doubt. 'Even if the phrase were incorrect, one single misstatement in the context of an otherwise appropriate charge can be overlooked.' *State* v. *Kelly*, 23 Conn. App. 160, 166, 580 A.2d 520 (1990)." Id., 358.

Our review of the charge as a whole in this case reveals that, as in *Ober*, the trial court's instructions on reasonable doubt gave the jurors a clear understanding of the state's burden of proof. Consequently, we conclude that the defendant's claim is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

---

been impartially and thoroughly reviewed by you and it produces in your mind a settled and abided belief that you would be willing to act upon in matters of the highest importance relative to your own affairs, then in that event you would be free from a reasonable doubt and should declare the defendant to be guilty.' "